IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| NIKKI OLIVER, as Parent, Legal Guardian, and Next Friend of H.J., a minor, and PHILIP JOURNAGAN,<br><br>Plaintiffs,<br><br>vs.<br><br>PROGRESSIVE DIRECT INS. CO.,<br><br>Defendant. | Case No.: 4:24-cv-5034-JD-TER<br><br><br><br>**ORDER** |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III (DE 26), issued pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Report concerns Defendant Progressive Direct Insurance Company's ("Progressive") Motion for Summary Judgment (DE 19) and recommends that the Motion be granted and that this action be dismissed in its entirety.[1] (DE 26.)

**A.    Background**

The Report accurately outlines the relevant facts and legal standards, which the Court incorporates herein by reference. A brief summary is provided for context.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Plaintiff Nikki Oliver, as parent, legal guardian, and next friend of H.J., a minor, commenced this declaratory judgment action in the Chesterfield County Court of Common Pleas seeking a determination of insurance coverage under an automobile policy issued by Defendant Progressive (DE 1). Progressive removed the action to this Court on September 13, 2024, invoking diversity jurisdiction pursuant to 28 U.S.C. § 1332. (DE 1.) After removal, the Court granted Progressive's unopposed motion to realign the parties, designating Philip Journagan as a plaintiff for purposes of jurisdiction. (DE 9; DE 10.)

Progressive thereafter filed a Motion for Summary Judgment on April 25, 2025, asserting that the policy at issue does not provide underinsured motorist ("UIM") coverage and that the policy should not be reformed to include such coverage. (DE 19.) Because Plaintiff Journagan is proceeding *pro se*, the Magistrate Judge issued a *Roseboro* Order advising him of the summary judgment procedures and the consequences of failing to respond. (DE 20.) Plaintiff Oliver filed a response in opposition to the Motion (DE 23; DE 24), and Progressive filed a reply (DE 25).

B.  **Report and Recommendation**

On January 9, 2026, the Magistrate Judge issued the Report recommending that Progressive's Motion for Summary Judgment be granted and that this action be dismissed in its entirety. (DE 26.) As set forth in the Report, the Magistrate Judge concluded that Progressive made a meaningful offer of underinsured motorist ("UIM") coverage pursuant to South Carolina law and that the policy at issue should not be reformed to include UIM coverage. (*Id*.) The Report further determined that

the evidence establishes Plaintiff Philip Journagan electronically executed the UIM selection/rejection form and knowingly rejected UIM coverage, and Plaintiffs failed to present sufficient evidence to create a genuine dispute of material fact on that issue. Accordingly, the Magistrate Judge recommends entry of judgment in Progressive's favor. (*Id.*)

C.   **Legal Standard**

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

D.   **Absence of Objections**

The Report advised the parties of their right to file specific written objections within the time provided by law. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). No objections have been filed, and the time for doing so has expired.

In the absence of objections, the Court is not required to conduct a *de novo* review and need only satisfy itself that there is no clear error on the face of the record. Upon review, the Court finds none.

**E.    Conclusion**

Accordingly, after a careful and thorough review of the Report and the record in this case, the Court finds no clear error and adopts the Report (DE 26) in its entirety and incorporates it herein by reference. It is, therefore, **ORDERED** that Defendant Progressive Direct Insurance Company's Motion for Summary Judgment (DE 19) is **GRANTED**, and this action is **DISMISSED IN ITS ENTIRETY**.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
January 30, 2026

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.